IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHAWN TREVELL RAINER                                                    PETITIONER
ADC #114199

V.                                      5:15-cv-00153-BSM-JTK

WENDY KELLEY, Director,                                                RESPONDENT
Arkansas Department of Correction


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Chief Judge Brian S. Miller. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations. The copy will be furnished to the

opposing party. Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must,

at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if
        such a hearing is granted) was not offered at the hearing before the
        Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing

> before the District Judge in the form of an offer of proof, and a copy, or
> the original, of any documentary or other non-testimonial evidence
> desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

PARTIAL DISPOSITION

Petitioner Shawn Rainer, an inmate at the Arkansas Department of Correction ("ADC"),

filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after a

Mississippi County, Arkansas, jury found him guilty of second-degree murder. (Doc. No. 7, Ex.

A, at 30.) For the following reasons, the Court recommends the District Court deny Mr.

Rainer's first, second, third, and fifth grounds for relief in his petition.

I.      APPLICABLE FACTS

On August 3, 2009, the State filed a felony information against Mr. Rainer, charging

him with first degree murder for stabbing Ms. Takina Douglas. (*Id.* at 4.) On June 14, 2010, the

State filed a motion in limine, asking the court to prohibit Mr. Rainer from mentioning a

previous incident where Ms. Douglas was charged with stabbing Mr. Rainer on October 18,

2008. (*Id.* at 25.)  Although there is no record of the motion being heard, as explained in Part

II of this Memorandum, the court ultimately granted the State's motion. (Doc. No. 7-8 at 25.)

At trial, the question for the jury was whether Mr. Rainer stabbed Ms. Douglas. (Doc.

No. 7, Ex. A, at 90.) The prosecution alleged that Mr. Rainer and Ms. Douglas got in an

argument that turned into a physical fight. (*Id.* at 266.) During the course of that fight, Mr. Rainer stabbed Ms. Douglas. (*Id.*). The defense argued that Ms. Douglas had the knife, fell, and landed on it. (*Id.* at 280.) In the motion for acquittal, Mr. Rainer argued that the only evidence the State presented to the jury was that Ms. Douglas was stabbed, but there was no evidence that Mr. Rainer stabbed her. (*Id.* at 251.) The court denied Mr. Rainer's motion because (1) there was circumstantial evidence that Mr. Rainer did not call 9-1-1 after the stabbing, and (2) the medical examiner testified that it is unlikely that Ms. Douglas's stab wound to the chest was caused by falling on the knife because of the location and nature of the wound. (*Id.*).

II.    PROCEDURAL HISTORY

On May 19, 2011, a Mississippi County jury found Mr. Rainer guilty of second-degree murder. (*Id.* at 290.) The jury sentenced Mr. Rainer to serve eighty years in the ADC. (*Id.* at 28.) That same day, the clerk filed the Judgment and Commitment Order in Mr. Rainer's case. (Doc. No. 30.)

On June 14, 2011, Mr. Rainer filed a motion for a new trial. (*Id.* at 32.) He argued that there was insufficient evidence to convict him of second-degree murder. (*Id.* at 33.) On July 21, 2011, the Mississippi County Circuit Court denied Mr. Rainer's motion. (*Id.* at 64.)

On July 21, 2011, Mr. Rainer filed a Notice of Appeal in the circuit court, appealing his conviction. (*Id.* at 66.) Mr. Rainer argued on appeal that the evidence at trial was insufficient to support a conviction of second-degree murder. (Doc. No. 7-2 at 143.) On October 24, 2012, the Arkansas Court of Appeals affirmed Mr. Rainer's conviction. (Doc. No. 7-5 at 1.) On November 9, 2012, Mr. Rainer petitioned the Arkansas Court of Appeals for a rehearing. (Doc. No. 7-6 at 1.) On December 5, 2012, the court denied Mr. Rainer's petition. (*Id.* at 23.) On

3

November 15, 2012, Mr. Rainer petitioned the Arkansas Supreme Court to review the court of appeals's decision. (Doc. No. 7-7 at 1.) On January 10, 2013, the court denied Mr. Rainer's petition. (*Id.* at 55.)

On March 5, 2013, Mr. Rainer filed a petition for post-conviction relief, pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37 petition"). (Doc. No. 7-8 at 7.) In it, he raised two grounds for relief: (1) ineffective assistance of trial counsel for failing to appeal the trial court's ruling that Mr. Rainer could not put on proof of Ms. Douglas's two assault cases using knives, and (2) ineffective assistance of trial counsel for failing to object to the case being presented to the jury alleging Mr. Rainer was a "serious violent offender" when he was in fact a "small habitual offender." (*Id.* at 1-2.)

On July 22, 2013, the Mississippi County Circuit Court held a hearing on Mr. Rainer's Rule 37 petition. (*Id.* at 19.) At the hearing, the court realized that it did not make a record of the motion in limine during which it ruled that Ms. Douglas's two prior assault cases involving knives could not be introduced at trial. (*Id.* at 25.) Therefore, the Court made a "bystander's affidavit" of what happened at that motion in limine, with the help of both attorneys that were present. (*Id.* at 26.) At the end of the hearing, the court granted Mr. Rainer's Rule 37 petition. (*Id.* at 50.) The Court held that trial counsel was ineffective for not renewing his objection to the motion in limine to prevent Mr. Rainer from presenting Ms. Douglas's prior assault incidents to the jury once it became apparent how they were relevant to his defense. (*Id.* at 48.) Mr. Rainer was prejudiced by this ineffectiveness because the court would have allowed him to introduce them. (*Id.*). On July 22, 2013, the court entered the order granting Mr. Rainer's Rule 37 petition and ordering a new trial. (*Id.* at 11.)

4

On August 20, 2013, the State filed a Notice of Appeal, appealing the circuit court's ruling on the Rule 37 petition. (*Id.* at 13.) It argued that the trial court should not have granted a new trial because the ruling was based on a reconsidered evidentiary ruling, not on ineffective assistance of counsel. (Doc. No. 7-9 at 92.) On June 26, 2014, the Supreme Court of Arkansas reversed the circuit court's ruling over three dissenting justices.[1] The court held that trial counsel was not deficient for not renewing its objection to the motion in limine because the evidence of the victim's prior conduct "was not relevant because Rainer's defense was accident," and therefore inadmissible pursuant to Rule 405. (Doc. No. 9-12 at 9.) Additionally, the court held that there is no requirement that counsel renew his objection to a motion in limine to preserve the issue for appeal, so counsel still could have appealed the evidentiary issue on direct appeal. (*Id.* at 10.) Finally, it held that the trial court's failure to record the motion in limine proceedings did not violate Mr. Rainer's due process rights because the error was not "so serious as to render the judgment of conviction void." (*Id.* at 15.) On July 14, 2014, Mr. Rainer filed a petition for rehearing in the Arkansas Supreme Court. (Doc. No. 7-13 at 11.) On September 11, 2014, the court denied the petition for rehearing over three dissenters. (Doc. No. 7-14 at 1.)

On May 13, 2015, Mr. Rainer filed this petition for a writ of habeas corpus. (Doc. No. 1.) On June 15, 2015, the Director of the ADC (the "Director") filed a response. (Doc. No. 7.) On July 22, 2015, Mr. Rainer filed a reply to the Director's response. (Doc. No. 10.)

---

[1] Justice Hart wrote for Justice Baker and Chief Justice Hannah that she would have affirmed the circuit court. First, she found that the majority's ruling that the evidence of Ms. Douglas's history is inadmissible under Arkansas Rule of Evidence 405 ("Rule 405") was not raised on appeal. (Doc. No. 7-12 at 19.) Second, she contends that Rule 405 was not intended to be a rule that "governs either the exclusion or admission of character evidence . . . ." (*Id.*). Lastly, she argues that the majority erred when it held that trial counsel was not deficient for failing to renew his challenge to the State's motion in limine. (*Id.* at 20-22.)

III.    STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id*. at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 132 S.Ct 1309, 1320 (2012). A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. The Eighth Circuit has applied this exception to Rule 37 petitions. *Sasser v. Hobbs*, 735 F.3d 833, 853 (2013). This exception only applies to ineffective assistance of trial counsel claims, and it is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782 (Mar. 10, 2015)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006).

## IV.    ANALYSIS

In his petition, Mr. Rainer raises five grounds for relief: (a) the State did not preserve the argument that Ms. Douglas's prior assaults were inadmissable pursuant to Rule 405, (b) ineffective assistance of trial counsel for failing to renew the motion in limine, (c) the Court should give the Arkansas Supreme Court no deference in this case because it applies its procedural rules inconsistently, in violation of the due process and equal protection clauses of the Fourteenth Amendment, (d) Mr. Rainer was denied the opportunity to put on a complete defense, in violation of the due process clause of the Fourteenth Amendment, and (e) Mr. Rainer is actually innocent. (Doc. No. 1 at 21-38.)

### A.    STATE PRESERVING ARGUMENT REGARDING ARKANSAS RULE OF EVIDENCE 405

Mr. Rainer argues that the Arkansas Supreme Court's holding that the State preserved an argument that Rule 405 prohibited the admission of Ms. Douglas's prior conviction is an unreasonable determination of the facts. (Doc. No. 1 at 21.) The Director responds that the court's ruling is supported by the record. (Doc. No. 7 at 11.)

The Arkansas Supreme Court held that the State preserved the Rule 405 argument even though it never explicitly mentioned Rule 405 in its briefs. (Doc. No. 7-12 at 10 n.2.) It held that "the specific ground of an objection must be stated '*if the specific ground was not apparent from the context.*" (*Id.* (citing Ark. R. Evid. 103(a)(1) (emphasis in original))). It found that "the State clearly argued that the proffered evidence of specific instances of the victim's conduct were not relevant to the defense of accident." (*Id.*). Therefore, the Rule 405 argument was apparent from the context. (*Id.*).

This claim is not cognizable in a federal habeas petition. Mr. Rainer argues that the state's supreme court unreasonably applied facts to a state evidentiary rule–Arkansas Rule of Evidence 103(a)(1). However, the United States Supreme Court has held multiple times that § 2254(d)(2) only applies to an unreasonable determination of facts as applied to a federal law. *See Swarthout v. Cooke*, 562 U.S. 859, 219 (2011) (reversing a lower court's granting of a petition for a writ of habeas corpus based on an unreasonable application of facts to California's evidentiary "some evidence" rule); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (reversing a lower court's granting of a petition for a writ of habeas corpus based on an unreasonable application of facts to Indiana's sentencing law). Since Mr. Rainer's argument is that the Arkansas Supreme Court unreasonably applied the facts to an Arkansas rule of evidence, that claim is not cognizable in a federal petition for a writ of habeas corpus.

B.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO RENEW THE MOTION IN LIMINE

Mr. Rainer argues that his trial counsel was ineffective for failing to renew his objection to the State's motion in limine regarding Ms. Douglas's prior stabbing incidences. (Doc. No. 1 at 28.) The Director responds that the Arkansas Supreme Court's ruling on this issue properly

applied the federal ineffective assistance of counsel standard to Mr. Rainer's claim. (Doc. No. 7 at 13.)

To prevail on an ineffective assistance of counsel claim, a petitioner must show that "his counsel's deficient performance prejudiced him." *Porter v. McCollum*, 558 U.S. 30, 38 (2009); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must prove his counsel was deficient by showing that "his counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The petitioner must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Mr. Rainer argues that his trial counsel was deficient in two ways: (1) that his trial counsel's failure to renew the motion in limine prohibited him from appealing the trial court's ruling on the motion in limine, and (2) that trial counsel should have renewed the motion in limine because it was meritorious. (Doc. No. 1 at 28-32.)

Regarding his first argument that trial counsel was deficient, Mr. Rainer argues that "there was no record of the motion ruling for an appeal to even be had." (Doc. No. 1.) The Director argues that whether or not a motion must be renewed is a question of state law that is not cognizable in a federal habeas petition. (Doc. No. 7 at 13.)

The Arkansas Supreme Court held that trial counsel was not deficient in this respect. (Doc. No. 7-12 at 10.) It held that Arkansas Rule of Appellate Procedure–Civil 6 "allows the appellant to prepare a statement of the evidence or proceedings from the best means available, including his recollection, if no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable." (Doc. No. 7-12 at 13-14 (citing Ark. R. App. P.–Civ.

9

6(d))).[2] This rule essentially would allow Mr. Rainer to make a "bystander's affidavit," as he did for the Rule 37 hearing. Based on the Arkansas Supreme Court's interpretation of its own state law, Mr. Rainer could have appealed the trial court's ruling on the motion in limine. Therefore, the Arkansas Supreme Court's application of the *Strickland* standard is not contrary to clearly-established Supreme Court precedent, nor is it based on an unreasonable determination of the facts. This ground for relief should be denied.

Regarding his second argument that trial counsel was deficient, Mr. Rainer argues that "the trial court's finding of deficient performance was hardly error" because "under the circumstances, it was deficient for trial counsel to fail to renew the objection." (Doc. No. 1 at 31 (citing *United States v. Mejia-Alarcon*, 995 F.2d 982, 986 (10th Cir. 1993))). The Director responds that the Arkansas Supreme Court reasonably applied *Strickland* to this argument. (Doc. No. 7 at 13-14.)

The Arkansas Supreme Court held that trial counsel was not deficient because an objection to the motion in limine would not have been meritorious. (Doc. No. 7-12 at 9.) It held that, under Rule 405, there was no ground to allow Mr. Rainer to introduce Ms. Douglas's violent character at trial. (*Id.*). Therefore, even if Mr. Rainer's counsel renewed its objection to the motion in limine, it would not have been a meritorious argument. (*Id.*). Counsel is not deficient for failing to renew an argument that is without merit. *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010) (holding that counsel was not deficient for failing to raise a meritless double-jeopardy claim); *Graves v. Ault*, 614 F.3d 501, 507 (8th Cir. 2010) (holding that trial

---

[2]Although this is a rule of civil appellate procedure, Arkansas Rule of Appellate Procedure–Criminal 4(a) requires "matters pertaining to . . . appeals where no stenographic record was made [] shall be governed by the Rules of Appellate Procedure–Civil . . . ."

10

counsel was not deficient for failing to raise meritless state law claims); *Gray v. Bowersox*, 281 F.3d 749, 756 n.3 (8th Cir. 2002) ("[B]ecause the underlying objection would have been without merit, a claim of ineffective assistance is not viable."). Rainer argues that his objection has merit because the circuit court stated he would have granted the motion in limine. (Doc. No. 1 at 31.) However, the Court must defer to the highest state court to determine whether a state law claim has merit. *Wainwright v. Goode*, 464 U.S. 78, 83-84 (1983). Therefore, the Arkansas Supreme Court's application of *Strickland* is not contrary to clearly established federal law as determined by the United States Supreme Court, nor did it unreasonably apply the facts to federal law. This claim should be denied.

C.      DEFERENCE TO THE ARKANSAS SUPREME COURT

Mr. Rainer's third ground for relief contends that the Arkansas Supreme Court inconsistently applies its procedural default rules, favoring the State over prisoners. (Doc. No. 1 at 11-16.) He asks for the Court to rule that the Arkansas Supreme Court gets no deference in habeas petitions because its inconsistent violations violate the Equal Protection Clause and the Due Process Clause of the Constitution. (*Id.*). The Director responds that this claim is collateral to Mr. Rainer's conviction, and therefore is not cognizable under habeas review. (Doc. No. 7 at 14.)

This claim is not a ground for relief under habeas review, but rather a question of statutory interpretation. The federal habeas statute does not give the Court discretion to change its standard of review of the state court based on its inconsistent application of state procedural rules. *See* 28 U.S.C. § 2254 (2006). Additionally, the United States Supreme Court does not allow a court to abandon the standard of review set forth in the statute. *See*, *e.g.*, *Williams v.*

*Taylor*, 529 U.S. 362, 381 (2000) ("If this Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar.") Instead, the only recourse a petitioner has for an inconsistent application of state procedural rules come when a federal habeas petitioner's claim is procedurally defaulted due to a state procedural rule that is either not firmly established or regularly followed. *See Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995) (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). At that time, the procedural default can be excused. *See id.* However, this is not one of those cases, and the federal habeas statute does not allow the Court to reduce the amount of deference given to a state court. Therefore, this claim should be denied.

### D.   ABILITY TO PUT ON A COMPLETE DEFENSE

Mr. Rainer's fourth ground for relief is that he was deprived of the ability to put forth a complete defense, in violation of the due process clause and *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). (Doc. No. 1 at 36-37.) The Director's only response is that the Arkansas Supreme Court's opinion should be afforded deference. (Doc. No. 7 at 15.) Since this was presented as an ineffective assistance of counsel claim in the Rule 37 petition, the Court construes this as an ineffective assistance of counsel claim. (*See* Doc. No. 7-8 at 8.)

Mr. Rainer's argument is that the ineffective assistance of counsel for failing to appeal the trial court's ruling on the motion in limine deprived him of "a fair opportunity to defend against the State's accusations." (Doc. No. 7-8 at 8 (quoting *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973)). The Arkansas Supreme Court appears to have misinterpreted Mr. Rainer's argument as arguing that the failure of the trial court to make a record of the motion in limine

hearing violated due process. (Doc. No. 7-12 at 14-15.) However, Mr. Rainer did fairly present this claim to both the Rule 37 court and the supreme court in his brief. (Doc. No. 7-8 at 8 ("Defense counsel's failure to appeal this ruling was ineffective because it denied petition due process and 'a fair opportunity to defend against the State's accusations.'") (quoting *Chambers*, 410 U.S. at 294); Doc. No. 7-10 at 17 ("The court's unmemorialized [evidentiary] ruling violated appellee's right to due process and 'a fair opportunity to defend against the State's accusations.") (quoting *Chambers*, 410 U.S. at 294)). As this was presented in ground one, and the Rule 37 court granted the petition for post-conviction relief on ground one, it appears that the Rule 37 court ruled in Mr. Rainer's favor on this issue. (Doc. No. 7-8 at 11-12 ("Defendant argues that this denied him due process and a fair trial in violation of the constitutions. . . . As a result, the court finds defendant was denied a fair trial on Ground 1, and a new trial is granted.")

This claim has multiple issues that would benefit from further briefing:

1.   Since the Arkansas Supreme Court misinterpreted Mr. Rainer's argument, how can the Court afford it the appropriate level of deference under 28 U.S.C. § 2254? Does the Rule 37 court deserve any deference on this issue?

2.   Did the Arkansas Supreme Court's ruling that Rule 405 prohibited Mr. Rainer from admitting Ms. Douglas's prior stabbing incidents violate Mr. Rainer's due process right to present a full and complete defense? *See Bounds v. Delo*, 151 F.3d 1116, 1119 (8th Cir. 1998) (holding that a court may determine whether an evidentiary ruling constituted a constitutional violation).

3.   Was either trial counsel or appellate counsel deficient for not raising this due process claim?

4.   If either appellate counsel or trial counsel was deficient, was Mr. Rainer prejudiced by the deficiency?

The parties are instructed to brief these issues in accordance with the instructions in Part

13

VI of this Memorandum. The Court will only entertain arguments in the parties' briefs regarding these issues. If a party wishes to address an additional issue other than the ones addressed above, it should file a motion explaining why it would be beneficial to brief that issue.

E.    ACTUAL INNOCENCE

Mr. Rainer's fifth ground for relief is that he is actually innocent. (Doc. No. 1 at 38.) The Director responds that a freestanding actual innocence claim is not cognizable in a § 2254 petition, and even if it was cognizable, Mr. Rainer would not meet the high actual innocence standard. (Doc. No. 7 at 16-17.)

The Supreme Court has not decided whether to recognize a free-standing claim of actual innocence. *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014). If it did, it would be insufficient for a petitioner to show that it is "more likely than not that no reasonable jury would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The "extraordinarily high" standard would be even more difficult to prove. *House v. Bell*, 547 U.S. 518, 555 (2006).

Since the Supreme Court has not decided to recognize a free-standing claim of actual innocence, the Court must hold that this claim is not cognizable in a § 2254 petition. Therefore, this claim should be denied.

Even if a freestanding actual innocence claim was cognizable, Mr. Rainer would not meet the "extraordinarily high" standard that the Supreme Court has set forth. Even if a jury heard the evidence of Ms. Douglas's prior history, including the incident where she stabbed Mr. Rainer, a reasonable jury could still find Mr. Rainer guilty based on the testimony of the

14

medical examiner at trial and the circumstantial evidence that Mr. Rainer was the only person with Ms. Douglas and Mr. Rainer did not call 9-1-1.  Therefore, this claim should be denied.

V.      CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the District Court must determine whether to issue a certificate of appealability in its final order. Therefore, the Court will not determine whether to issue a certificate of appealability on any of the five grounds for relief until its final order.

VI.     CONCLUSION

1.      The Court recommends the District Court deny Mr. Rainer's first, second, third, and fifth grounds for relief.

2.      The parties are ordered to further brief the fourth ground for relief consistent with the instructions contained within this Memorandum. They are to submit simultaneous briefs within forty-five (45) days of this Order. No extensions for time will be given.

3.      If either party wishes to brief an additional issue not addressed in this Memorandum, it should file a motion explaining why further briefing on that issue would be beneficial to the Court within twenty-one (21) days of this Order. Additionally, if either party needs to conduct discovery to complete its briefs, it should file a motion within twenty-one (21) days of this Order.

IT IS SO ORDERED this 18th day of September, 2015.

_____
United States Magistrate Judge