IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHAWN TREVELL RAINER                                                                PETITIONER
ADC #114199

V.                                      5:15-cv-00153-BSM-JTK

WENDY KELLEY, Director,                                                            RESPONDENT
Arkansas Department of Correction


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing

>before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Petitioner Shawn Rainer, an inmate at the Arkansas Department of Correction, filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after a Mississippi County, Arkansas, jury found him guilty of second degree murder. (Doc. No. 1.) On October 14, 2015, the district court entered an order adopting the Court's recommended partial disposition, dismissing four of Mr. Rainer's five grounds for relief in his petition. (Doc. No. 14 (adopting Doc. No. 11)). Each party has submitted a brief addressing Mr. Rainer's remaining ground for relief. (Docs. No. 15-16.) For the following reasons, the Court recommends the district court deny Mr. Rainer's petition.

I.  PROCEDURAL HISTORY

The procedural history of this case is documented in detail in the Court's previous recommendation. (Doc. No. 11.) The State charged Mr. Rainer with first-degree murder for purposely stabbing Takina Douglas, causing her death. (Doc. No. 7-5 at 1.) Prior to trial, Mr. Rainer requested that the court allow him to introduce evidence that Ms. Douglas had stabbed him multiple other times to support his theory that Ms. Douglas was attempting to stab Mr.

Rainer and accidently fell on her knife. (Doc. No. 7-5 at 5.) In Mr. Rainer's post-conviction petition, pursuant to Arkansas Rule of Criminal Procedure 37.1 ("Rule 37"), he argued that "[d]efense counsel was ineffective for not appealing the trial court's ruling that he could not put on proof of Ms. Douglas's two assault cases using knives." (Doc. No. 7-8 at 7.) Within that argument, he argued that it was "ineffective assistance because it denied petitioner due process and 'a fair opportunity to defend against the State's accusations.'" (Doc. No. 7-8 at 8 (quoting *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973))). Without addressing the standard for ineffective assistance of counsel or Mr. Rainer's due process rights, the circuit court granted Mr. Rainer's Rule 37 petition on ground one. (Doc. No. 7-8 at 12.)

The Arkansas Supreme Court reversed the circuit court's decision over three dissenting justices. (Doc. No. 7-12.) However, the court did not analyze Mr. Rainer's right to present a full and complete defense. (*See id.*). The supreme court mentions the claim, but analyzes it as an ineffective assistance of trial counsel claim for failing to renew the motion in limine either during trial or in a motion for a new trial. (*Id.* at 22.) The dissent claimed that the State did not challenge the trial court's ruling on this issue, so it should have been affirmed. (*Id.*).

In his federal petition for a writ of habeas corpus, Mr. Rainer, through counsel, claimed that "[t]he State did not appeal the trial court's ruling that granting the State's motion in limine was ineffective assistance because it 'denied petitioner due process and a fair opportunity to present a complete defense.'" However, in the petition, his argument devolved into a discussion of whether a complete record of the motion in limine was made. (Doc. No. 1 at 38.) As such, the district court ordered further briefing on this issue, consistent with this Court's recommendation. (Doc. No. 14 (adopting Doc. No. 11 at 15)).

II.     STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id*. at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006).

III.     ANALYSIS

In Mr. Rainer's petition for a writ of habeas corpus, the only remaining ground for relief is whether appellate counsel was ineffective for failing to appeal the circuit court's ruling that Ms. Douglas's prior stabbing instances should not be admitted during trial because the trial court's ruling prevented Mr. Rainer from presenting a complete defense, in violation of the due process clause of the Fourteenth Amendment.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that "his counsel's deficient performance prejudiced him." *Porter v. McCollum*, 558 U.S. 30, 38 (2009); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must prove his counsel was deficient by showing that "his counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The petitioner must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

A.     DEFERENCE

The first issue the Court asked the parties to brief is whether the Court should give the circuit court or supreme court deference regarding their rulings on this ground for relief.[1] (Doc. No. 11 at 13.) Mr. Rainer argues that the circuit court's decision deserves deference because it is the last reasoned decision by a state court. (Doc. No. 15 at 2.) The Director argues that the supreme court's reversal of the circuit court should be afforded deference. (Doc. No. 16 at 10.)

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires the

---

[1]Although the Director briefs additional issues, the Court clearly stated in its previous order that if "a party wishes to address an additional issue other than the ones addressed above, it should file a motion explaining why it would be beneficial to brief that issue." (Doc. No. 11 at 14.) Neither party filed a motion, nor did either party object to the Court's previous recommendation. Therefore, the Court only considers the issues for which it ordered briefing.

Court to place a high deference on state courts' decisions. *See* 28 U.S.C. § 2254(d)-(e) (2006). In order to effectuate that deference in cases where the state's highest court summarily affirms the lower court, federal courts will give deference to the last reasoned opinion of a state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991); *Worthington v. Roper*, 631 F.3d 487, 497 (8th Cir. 2011). "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits–but that presumption can in some limited circumstances be rebutted." *Johnson v. Williams*, 133 S.Ct 1088, 1096 (2013). The "unusual" circumstances that the presumption may be rebutted include when the state standard that the court applies is less protective than the federal standard, the state standard is different from the federal standard and the defendant's papers make no effort to develop the federal claim, or if the federal precedent was simply mentioned in passing in a footnote or buried in a string citation. *Id.*

Here, Petitioner does not rebut the strong presumption that the state supreme court adjudicated this claim on the merits. The supreme court found that "Rainer contended that his trial counsel's failure to appeal the trial court's ruling granting the State's motion in limine was ineffective because it 'denied petitioner due process and a fair opportunity to present a complete defense.'" (Doc. No. 7-12 at 2.) Although it did not analyze this claim, this statement shows that the supreme court at least potentially considered it. Therefore, the Court is required to give deference to the state supreme court's decision reversing the circuit court's order granting Mr. Rainer a new trial.

        B.       THE UNDERLYING DUE PROCESS CLAIM

Before turning to the *Strickland* standard, the Court first must determine whether the

underlying due process claim has merit. If the claim does not have merit, counsel cannot have been deficient for failing to appeal the trial court's ruling on the motion in limine. *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010).

The "Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 689 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). However, "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). This latitude is only "abridged by evidence that 'infring[e] upon a weighty interest of the accused' and are 'arbitrary or disproportionate to the purposes they are designed to serve.'" *Holmes v. South Carolina*, 547 U.S. 319, 324-25 (2006) (quoting *Scheffer*, 523 U.S. at 308). Typically, this rule is applied to admit evidence "proffered by criminal defendants to show that someone else committed the crime with which they are charged." *Id.* at 327.

In this case, the Arkansas Supreme Court did not unreasonably apply the United States Supreme Court precedent. Rather than show that someone else committed the crime, Mr. Rainer sought to show that Ms. Douglas was running at him in an attempt to stab him, tripped, and fell on her knife. Admitting the prior instances where Ms. Douglas attempted to stab Mr. Rainer would not show that Ms. Douglas attempted to stab Mr. Rainer in this instance–rather, it would just be an attempt to prove that Ms. Douglas attempted to stabbed Mr. Rainer only because she had stabbed Mr. Rainer multiple times in the past. Therefore, the Arkansas Supreme Court did not unreasonably apply federal law as determined by the United States Supreme Court, and this ground for relief has no merit.

    C.    INEFFECTIVE ASSISTANCE OF COUNSEL

Since Mr. Rainer's claim does not have merit, Mr. Rainer's counsel was not deficient for failing to the ruling on the motion in limine. *Dodge*, 625 F.3d at 1019. Therefore, this ground for relief should be denied.

IV.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the District Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006).

The district court already indicated that it will not issue a certificate of appealability on Mr. Rainer's first, second, third, and fifth grounds for relief. (Doc. No. 14 at 1.) However, reasonable minds could differ on the outcome of Mr. Rainer's fourth ground for relief. Therefore, the district court should grant a certificate of appealability on that ground.

V.    CONCLUSION

Mr. Rainer does not present a meritous ground for relief, and his petition for a writ of habeas corpus (Doc. No. 1) should be denied with prejudice. The district court should issue a certificate of appealability on Mr. Rainer's fourth ground for relief.

SO ORDERED this 23rd day of December, 2015.

_____
United States Magistrate Judge